Ross, J.
The defendant was charged by information with the crime of assault with a deadly weapon with intent to murder one Hemmenway, and was convicted of assault with a deadly weapon with intent to do great bodily harm.
The case shows that defendant, while very drunk, assaulted and cut with a knife the said Hemmenway, who was a stranger to him, and whom he casually met on a railroad track.
It is objected on the part of the appellant that the court below erred in its eighth instruction, in that it omitted to inform the jury that they might find defendant guilty of a simple assault. The instruction reads:—
“If, after a due and careful consideration of all the evidence, you entertain a reasonable doubt of the guilt of the defendant upon the charge of an assault with intent to commit murder, it will be your duty then to inquire as to whether he may be guilty of any lessep offense necessarily included therein. There is one, as follows: assault with a deadly weapon, which is an assault committed upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury.”
The objection is not well taken, for two reasons: in the first place, because upon the evidence defendant could not have been properly convicted of a simple assault, and the court was therefore right in omitting to instruct in respect to that offense; and secondly, if defendant wanted the attention of the jury specifically called to each of the lesser crimes necessarily included in the charge set out in the information, he should have requested the court to do so, which he does not appear to have done.
*641 The sixth instruction, in respect to the intoxication of the defendant, was substantially correct. (People v. Lewis, 36 Cal. 531; People v. Williams, 43 Cal. 344; People v. Ferris, 55 Cal. 588; People v. Turner, 65 Cal. 540.)
The ninth instruction was in accordance with the ruling of this court in People v. Fuqua, 58 Cal. 247, and was correct.
Judgment and order affirmed.
McKinstry, J., and Myrick, J., concurred.