[Crim. No. 135.   Department Two.—October 20, 1896.]

# THE PEOPLE, RESPONDENT, *v.* F. L. BARNEY, APPELLANT.

CRIMINAL LAW — ATTEMPT TO COMMIT RAPE — EVIDENCE—TESTIMONY OF YOUNG CHILD— CURING OF ERROR—STRIKING OUT — INSTRUCTION TO DISREGARD.—Upon the trial of a defendant charged with the crime of an attempt to commit rape upon a female child of the age of about seven years, any error in admitting the testimony of the child is cured by ordering all of her evidence stricken out, and instructing the jury to totally disregard it.

ID. — COMPLAINT OF INJURY WHILE RECENT — TESTIMONY OF CHILD'S MOTHER.—Upon such a trial, the prosecution may prove that the injured party made complaint of the injury while it was recent; and the testimony of the child's mother that the child complained to her about the injuries she had received from the defendant, shortly after the date of the alleged offense, is admissible.

ID.—HEALTH AND APPEARANCE OF CHILD PRIOR TO ASSAULT— EVIDENCE FAVORABLE TO DEFENDANT.—It is proper for the prosecution to ask the child's mother as to what was the general health and appearance of the child for two or three months before the alleged offense; and if the answer is favorable to the defendant, it could not have operated to his prejudice.

ID. —ABSENCE OF HYMEN—EXAMINATION OF CHILD BY ADULT FEMALE — EXPERT EVIDENCE.—An adult female, who knows what the hymen is, can testify to the absence of it from the child, when she examined her shortly after the alleged offense; and it is not necessary that the witness should be a physician, or a skilled physiologist, to render her testimony on that subject admissible.

ID.— ARGUMENTATIVE INSTRUCTION — UNCERTAINTIES AND DANGERS ATTENDING CASES OF RAPE.—It is proper to refuse an instruction requested by the defendant, which states no rule of law, but comments upon facts, and is simply argumentative as to the uncertainties and dangers attending cases of rape as a class, in consequence of which conviction will sometimes be wrongly had, and sometimes the guilty will go free.

ID.—REPETITION OF INSTRUCTION.—It is not error to refuse an instruction requested by the defendant, though it state the law correctly, if the same rule of law is, in substance, given in another instruction requested by him.

ID.—AMENDMENT OF INSTRUCTION.—An amendment to an instruction requested by the defendant, which states the law correctly, is not prejudicial to the defendant, because appended to such requested instruction.

ID.— INSTRUCTION TO DISREGARD TESTIMONY — AMENDMENT.— Where the court had stricken out the direct testimony of the mother of the child, as far as it connected the defendant with the offense, an instruction requested by the defendant to disregard that portion of her testimony which so connected the defendant, is properly amended by inserting the word "direct" before the word "testimony."

ID.—INSTRUCTION AS TO VERDICT—ASSAULT.—Upon the trial of a defend-
ant accused of an attempt to commit rape, an instruction that the jury
could render but one of two verdicts, guilty or not guilty, and if they
found him guilty, it would be of an attempt to commit rape, is not
erroneous for not telling the jury that they might find the defendant
guilty of a simple assault, where it clearly appears from the evidence
that the defendant was either guilty of the offense charged, or not at
all, and where the defendant did not request the court to charge the
jury specifically as to the lesser offense of simple assault.

APPEAL from a judgment of the Superior Court of
Stanislaus County, and from an order denying a motion
for an arrest of judgment, and from an order denying
a new trial. WILLIAM O. MINOR, Judge.

The facts are stated in the opinion.

*T. S. O'Donnell, G. A. Whitby,* and *A. B. Shoemake,* for
Appellant.

*W. F. Fitzgerald,* Attorney General, and *C. N. Post,*
Deputy Attorney General, for Respondent.

BELCHER, C.—The defendant was charged with the
crime of an attempt to commit rape upon a female child
of the age of about seven years. He was convicted of
the offense charged, and has appealed from the judg-
ment entered against him, and from the orders of the
court denying his motions in arrest of judgment and
for a new trial.

The appellant contends that the court erred in several
of its rulings upon the admission of evidence, and in
refusing to give to the jury certain instructions asked
by him, and in modifying and giving as modified cer-
tain other instructions.

1. There was no prejudicial error in admitting the
testimony of the complaining child, Irene Boone. The
court afterward ordered all of her evidence stricken out,
and expressly charged the jury to totally disregard it.
The jury must be presumed to have obeyed the instruc-
tion of the court, and, therefore, if it was error to admit
the testimony, the error was cured by the order and
instruction.

2. There was no error in overruling defendant's objection to the question propounded to Mrs. Boone, the child's mother, as to whether, shortly after the date of the alleged offense, the child made any complaint to her about any injuries she had received from defendant. The objection was that the testimony was hearsay —no part of the *res gestæ*. The court ruled: "I think she can testify as to whether the child complained of an assault having been made upon her, and stop there; the details of what the child stated I think is hearsay." Afterward the court ordered all that portion of the direct testimony of the witness which connected the defendant with the alleged offense stricken out. In cases of this kind the prosecution is always permitted to prove that the injured party made complaint of the injury while it was recent. (*People* v. *Mayes*, 66 Cal. 597; 56 Am. Rep. 126; *People* v. *Snyder*, 75 Cal. 323.)

3. There was no error in overruling the objection to the question propounded to Mrs. Boone as to what was the general health and appearance of the child for the two or three months before the alleged offense. The answer was in fact favorable to defendant, and could not have operated to his prejudice with the jury.

4. There was also no error in overruling the objection to the question propounded to Mrs. Draper as to whether, when she made an examination of the child on the Friday after the offense was alleged to have been committed, there was any hymen there. The objection was that the witness was not competent to testify in relation to a matter of this kind; that it was a matter connected with the anatomy of a human being, and that to be competent, a witness should possess the same intelligence and knowledge that a physician or professor of anatomy does. The witness testified that she thought she knew what the hymen is, and that, if it was what she thought it to be, it was not there. Certainly it cannot be necessary that a witness should be a physician or a skilled physiologist in order to be competent to testify as to the existence or nonexistence of any part

of the human body, when the matter can be determined by ocular inspection.

5. The court refused to give instruction No. 4, asked by defendant, and in this refusal we see no error. The instruction stated no rule of law, but was simply argumentative as to the uncertainties and dangers attending this class of cases, in consequence of which "convictions will sometimes be wrongly had, and sometimes the guilty will go free."

"In charging the jury the court must state to them all matters of law necessary for their information" (Pen. Code, sec. 1127), but it should not go further, and comment upon the facts.

6. The court also refused to give instruction No. 8 asked by defendant. That instruction stated the law correctly, but the rule declared in it was in substance again clearly repeated in instruction No. 9, which was given at the request of defendant. It was not, therefore, necessary that both instructions be given.

7. The court amended defendant's instruction No. 9 by adding thereto the following: "But if you believe from the evidence in the case beyond a reasonable doubt that, at the time and place stated in the information, the defendant attempted to have sexual intercourse with Irene Boone, and that she was at the time under fourteen years of age, you should find the defendant guilty." We see no error in this amendment. It stated the law correctly, and the fact that it was appended to another instruction was not prejudicial to defendant.

8. Defendant's instruction No. 10, as requested, was as follows: "You are instructed that that portion of the testimony of Mrs. Boone, which connects the defendant with the alleged offense, has been stricken from the record by the court, and you are instructed to entirely disregard the same," etc.

The court amended the instruction by adding the word "direct" before the words "testimony of Mrs. Boone." This was proper, and without prejudice to defendant, as the only testimony of Mrs. Boone that was

stricken from the record by the court was her *direct* testimony.

9. After acting upon all of the instructions requested by the prosecution and by the defendant, the court, of its own motion, gave to the jury, among others, the following instruction: "You understand, as I apprehend, gentlemen, that you can render but one of two verdicts, either guilty or not guilty. Of course if you find him guilty it will be guilty of an attempt to commit rape."

It is objected that the jury might have found the defendant guilty of a simple assault, and that the court erred in not so instructing. The objection is not well taken, for two reasons: 1. It clearly appears from the evidence that the defendant was either guilty of the offense charged, or not guilty at all. 2. If the defendant wanted the attention of the jury specifically called to the lesser offense of simple assault, he should have requested the court to do so, which he does not appear to have done. (*People* v. *Franklin,* 70 Cal. 641; *People* v. *Guidice,* 73 Cal. 226.)

We conclude that there was evidence sufficient to justify the verdict, and that no material error was committed by the court during the progress of the trial.

The judgment and orders appealed from should be affirmed.

SEARLS, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and orders appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.