[Crim. No. 1045. Department Two.—March 9, 1904.]

## THE PEOPLE, Respondent, v. JAMES BAILEY, Appellant.

CRIMINAL LAW—RAPE—LESSER OFFENSE—ATTEMPT—INSTRUCTION NOT REQUESTED.—Upon the trial of a charge of rape, where the defendant requested no instruction that the jury might find him guilty of the lesser offense of an attempt to commit rape, it is not reversible error for the court to fail to give such instruction of its own motion.

ID.—GIRL UNDER STATUTORY AGE—SUFFICIENCY OF INFORMATION—FORCE NOT REQUIRED.—Where the defendant was charged with rape in having sexual intercourse with a girl under the age of sixteen, the information need not aver any force, violence, or want of consent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from orders denying a motion for a new trial and a motion in arrest of judgment. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

Robert Ash, for Appellant.

U. S. Webb, Attorney-General, and John C. Daly, Deputy Attorney-General, for Respondent.

McFARLAND, J.—The defendant was charged with the crime of rape, alleged to have been committed by willfully, feloniously, etc., having sexual intercourse with a female child under the age of sixteen years, and was found "guilty as charged in the information." He appeals from the judgment and from an order denying his motion for a new trial.

Among the points made by appellant for a reversal there is really only one which calls for special notice, and it arises out of that part of the charge of the court to the jury which deals with the form of their verdict and the offenses of which he might be convicted under the information. In this part of the charge the court told the jury, substantially, that because the word "assault" was not in the information the defendant could not be convicted of an assault with intent to

commit rape, and then proceeds to the following: "Therefore, under this information there will be but two verdicts, either of which you can render. The first is, 'We, the jury, find the defendant guilty, as charged in the information'; the second is, 'We, the jury, find the defendant not guilty.'" We need not consider that part of the charge in which the jury were told that there could not be a conviction of "assault" with intent, etc., because the appellant himself had asked a written instruction that "the defendant cannot be convicted of an assault with intent to commit rape," and the instruction was marked "Refused. Covered by charge." However, the question is still presented whether or not it was reversible error to preclude the jury from finding a verdict of guilty of an "attempt" to commit rape—under section 1159 of the Penal Code. We think that it has been established by former decisions of this court that a judgment will not be reversed because the trial court had not instructed as to a lesser crime included in the greater one charged, unless the defendant had requested that the jury be so instructed. In *People* v. *Franklin,* 70 Cal. 641, which was frequently referred to approvingly in other cases, the court said: "If defendant wanted the attention of the jury specifically called to each of the lesser crimes necessarily included in the charge set out in the information he should have requested the court to do so, which he does not appear to have done." In *People* v. *Barney,* 114 Cal. 554, the court said: "It is objected that the jury might have found the defendant guilty of a simple assault, and that the court erred in not so instructing. The objection is not well taken for two reasons: . . . 2. If the defendant wanted the attention of the jury specifically called to the lesser offense of simple assault he should have requested the court to do so, which he does not appear to have done. (*People* v. *Franklin,* 70 Cal. 641; *People* v. *Guidice,* 73 Cal. 226.)" In *People* v. *Wilson,* 135 Cal. 331, the same point arose, and the court said: "If defendant desired an instruction as to the lesser offenses he should have asked it." In *People* v. *McNutt,* 93 Cal. 658, the court said: "It would be unfair and unjust to the people and the court to reverse a judgment and order a new trial because the court did not instruct the jury upon every conceivable phase or principle of law directly or

indirectly involved in the case. . . . Appellant complains that the jury were not instructed that under the information they could convict him of a simple assault. As already suggested, he should have requested such an instruction to be given to the jury if he desired the benefit of it." There are other cases to the same point. The rule as above stated is upon the whole not unfavorable to a defendant. If he desires the jury to understand that they are not compelled to either find him guilty of the high crime charged or acquit him entirely he can ask the court to so inform them. On the other hand, if he thinks that the jury cannot and will not convict him of the crime charged, and must therefore acquit him, his argument to them on that theory is not embarrassed by an interference of the court in the shape of an instruction that they may find him guilty of some other and perhaps only slightly lesser crime than the one charged. As was said in *People* v. *Hite,* 135 Cal. 79: "It is not unusual for counsel for the defense in cases of this character to take the position that his client is either guilty of the highest crime charged against him in the information, or else he is not guilty of anything, thus taking chances on a conviction of the higher offense, an acquittal, or a disagreeing jury, in preference to a compromise verdict of a lesser crime." At all events, we think that the established rule, as above stated, applies to the case at bar, and that the action of the court in question furnishes no ground for reversal.

The objections to the information are founded upon the fact that there are no averments therein of force, violence, or want of consent, and are therefore untenable; such averments are not necessary where the charge is that the defendant had sexual intercourse with a female child under the age of sixteen.

The evidence of the appellant's guilt was such that we cannot interfere with the verdict of the jury on the ground of want of evidence.

The portion of the charge excepted to, to be found at folio 56 of the transcript, clearly was not a statement to the jury of the fact that the prosecuting witness was sixteen years of age. None of the other points made by appellant as to alleged errors committed by the court in giving or refusing

instructions or in passing upon the admissibility of evidence are tenable; and they do not require special notice.

The judgment and orders appealed from are affirmed.

Lorigan, J., and Henshaw, J., concurred.