[Crim. No. 1173.   Department Two.—January 31, 1905.]

## THE PEOPLE, Respondent, v. ALBERT MODINA, Appellant.

CRIMINAL LAW—ROBBERY—INSTRUCTIONS—APPLICABILITY TO EVIDENCE. —Upon a trial for robbery, where the evidence shows that it was committed by means of force, without any element of fear, it was not necessary or proper to instruct the jury upon the subject of fear as defined by section 212 of the Penal Code.

ID.—INSTRUCTION AS TO LESSER CRIME—DUTY OF DEFENDANT.—If the defendant wishes an instruction as to the right of the jury to find him guilty, if the evidence warrants, of any lesser crime included within the greater one of which he is charged, it is his duty to ask it; and if he fails to do so, he cannot complain that it was not given.

ID.—MISCONDUCT—ABRUPT REMARK OF TRIAL JUDGE—COURTESY.—It was not misconduct for the trial judge abruptly to make remarks calling the attention of counsel for the defendant solely to the fact disclosed by the record that many unnecessary repetitions of questions and irrelevant inquiries had been made on the cross-examination of the prosecuting witness, if it does not appear that the cause of the defendant was prejudiced by such remarks. In such case the proper courtesy which shall be exercised between

court and counsel must be left to the judge's own sense of propriety.

ID.—POINTS NOT URGED IN BRIEF—ORAL ARGUMENT.—The practice of making points in oral arguments of criminal cases not urged in the appellants' briefs, is not to be approved, especially where no reason appears or is given why they were not made there; and, in such case, the neglect to make the point originally would be sufficient reason for declining to consider it.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. B. N. Smith, Judge.

The facts are stated in the opinion of the court.

J. Marion Brooks, and E. H. Bentley, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy Attorney-General, for Respondent.

LORIGAN, J.—Defendant was convicted of robbery, and this appeal is from the judgment and the order denying his motion for a new trial.

The information charged the crime of robbery by means of force *and* fear. As defined by the Penal Code (sec. 211), robbery is the "felonious taking of personal property in the possession of another, from his person or immediate presence and against his will, accomplished by means of force *or* fear." And section 212, following, specifies what may constitute fear as an element in robbery. The court instructed the jury relative to what constitutes robbery, by reading to them section 211. It is insisted by appellant that the court should have also read them section 212, defining fear, and the failure to do so is assigned as error.

The court, however, should only give such instructions as are applicable to the evidence in a case. The evidence in the case at bar shows that the robbery charged was committed by means of force. There was no evidence in any way tending to show that the prosecuting witness had been compelled to part with his money through fear. As no element of fear entered into the perpetration of the crime, there was no necessity or propriety in the court instructing the jury on that subject.

It is next insisted that the court should have instructed the jury that, under the information, the defendant might be convicted of petit larceny.

It is too well settled, however, by the decisions of this court to be open to further discussion, that if a defendant wishes an instruction to be given to the jury of their right to find him guilty, if the evidence warrants, of any lesser crime included in the greater one with which he is charged, it is his duty to ask it. If he fails to do so he cannot complain that it was not given. (*People* v. *Wilson*, 135 Cal. 334; *People* v. *Bailey*, 142 Cal. 435, and a long line of decisions referred to in both those cases.)

These points are the only ones made in the brief of counsel for the appellant.

Upon the oral argument, however, it was claimed that a new trial should be awarded on account of misconduct upon the part of the court occurring during the trial. This alleged misconduct consisted of remarks of the court addressed to counsel for appellant during his cross-examination of the prosecuting witness, and it is claimed that these remarks created a prejudice with the jury against counsel, and therefore against the defendant, whom he represented.

This point was not made in appellant's brief, and the practice of making points in criminal cases upon oral argument which were not made in the appellants' briefs is not to be approved, especially when no reason appears, or is given, why they were not made there. Unless there is some reasonable excuse for it, it is unfair to counsel on the other side to permit them to be made or considered. Counsel appear in court prepared to argue such points as in the appellant's brief it is indicated he relies on, and when new points are raised on oral argument it usually necessitates the granting of leave to respondent to file a brief in reply, thus creating unnecessary delay in the final submission of a cause. In this case this neglect to make the point originally would be sufficient reason for our declining to now consider it, as it is also some indication that counsel did not think it of sufficient merit then to present it. Examining it, however, we do not think it discloses any ground for a reversal. The remarks of the court were addressed to counsel with reference to what the court deemed an unnecessary repetition by him of questions pro-

pounded to the prosecuting witness, and the asking of other questions which had no relevancy or bearing in the case, and which all served only to waste time. While counsel seems to have been perfectly courteous to the court, the record discloses that many unnecessary repetitions of questions and irrelevant inquiries were made, which warranted the court in warning counsel to cease making them. The language of the court was quite emphatic and abrupt, but it was addressed solely to that point. Attention might have been called to this impropriety of counsel in wasting the time of the court in a more urbane manner and in more courteous language. But the proper courtesy which shall be exercised between court and counsel must, of course, be left to the judge's own sense of propriety, and we are only concerned with its exercise in any given case, to the extent of considering how far the want of it affected the jury, if at all, to the prejudice of the defendant, and from a consideration of the entire case we do not perceive that the cause of defendant was prejudiced by the remarks of the court.

The judgment and the order denying the motion for a new trial are affirmed.

McFarland, J., and Henshaw, J., concurred.