[Crim. No. 3999. In Bank.—August 10, 1936.]

THE PEOPLE, Respondent, v. FREDERICK TIMOTHY WELSH, Appellant.

C. V. Eberhard for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

THOMPSON, J.—In an information filed by the district attorney of Los Angeles County, defendant and appellant was charged in counts I to VIII with the following crimes: Kidnaping for the purpose of robbery; robbery; attempted rape; robbery; attempted kidnaping for the purpose of robbery; and robbery, respectively. After a plea of not guilty was regularly entered, the appellant was tried before a jury which returned verdicts of not guilty as to the counts charging attempted kidnaping, and guilty upon all of the remaining counts. This appeal is prosecuted from the judgments of conviction and the order denying a motion for new trial. The appellant attacks the sufficiency of the evidence as to counts I and III, the modification of an instruction by the trial court, and the failure to instruct the jury on a lesser degree of crime.

We shall first dispose of the appeal in so far as it relates to counts IV, VI and VIII, all of which charged robbery. The contention of appellant with respect to these counts is, in effect, that the court failed to instruct the jury upon the lesser and included offense of larceny and that while he did not in words request such an instruction yet his desire in that particular was evidenced by an instruction which he requested, as follows:

"You are instructed that robbery is the felonious taking of personal property in the immediate possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear. The force or fear herein mentioned however, must be in the taking. Thus if property be taken by stealth through a larceny and the owner, in his endeavor to regain his property, is deterred therefrom or resisted by force or fear, the crime is merely larceny. The force used must be more than required to consummate a mere larceny of property taken.

Thus, snatching property from the hand of another would be larceny and not robbery.''

The court modified the requested instruction by striking therefrom everything commencing with the words ''Thus if property be taken.'' We find nothing in the instruction requested by appellant to indicate a request on his part or a desire to have the jury instructed upon the lesser and included offense. It was no more than an attempt to improperly limit the offense of robbery. We are therefore left in the position where the contention amounts to nothing more than the assertion that a failure to instruct upon the lesser and included offense without a request for such an instruction constitutes reversible error. We might be inclined to give greater consideration to the argument from a purely practical viewpoint if it were an open question in this state. However, such consideration is foreclosed by a long list of authorities from which we cite the following: *People* v. *Franklin,* 70 Cal. 641 [11 Pac. 797] ; *People* v. *Warden,* 113 Cal. 569 [45 Pac. 844] ; *People* v. *Barney,* 114 Cal. 554 [47 Pac. 41] ; *People* v. *Bailey,* 142 Cal. 434 [76 Pac. 49] ; *People* v. *Modina,* 146 Cal. 142 [79 Pac. 842] ; *People* v. *Ross,* 89 Cal. App. 132 [264 Pac. 314] ; *People* v. *Montezuma,* 117 Cal. App. 125 [3 Pac. (2d) 370, 4 Pac. (2d) 285].

The sufficiency of the evidence to support the verdict is not questioned, hence the judgments should be sustained as to these counts.

■ A different situation presents itself with respect to counts, I, II and III. As to these counts the complaining witness testified substantially as follows: That on July 26, 1935, between 9:30 and 10 o'clock P. M., she was walking south near 427 South Vermont Avenue in the city of Los Angeles; that at that time defendant and another man grabbed her and threw her into a Ford roadster and drove south on Vermont Avenue; that at the time she was seized this defendant pinched her breast; that she was placed in the middle of the seat with the defendant at the driver's wheel and the other man, whom she had not seen since, seated at her right; that at that time she had in her hand a sweet potato, a bag of peanuts and a purse; that the purse contained a handkerchief, compact, money and a package of cigarettes: that the car was driven south on Vermont Avenue to Toberman Street; that shortly after

they left Vermont Avenue the defendant reached over and took her purse, took the cigarettes therein out of it and without touching the money or other contents put the purse back in her lap; that during the trip and after stopping the car the defendant made certain overtures to her regarding having an act of sexual intercourse during which time and while defendant was insisting on intercourse as mentioned above this second man was holding her knees; that defendant told her ''she might just as well be good and let him do what he wanted to because he was going to anyway''; that after the car was stopped he made certain explorations with his hands and asked her to put her hand on his privates; that they were at Toberman Street ten or fifteen minutes; that defendant's privates were exposed but that he was seated beside her, and that the other man was on the other side until the time she left the car and went home; that her breast was bruised and that there were scratches on her legs. While parked on Toberman Street some people came by and the complaining witness asked them to get the license number, whereupon appellant said: ''That is my wife. She is drunk again. Don't pay any attention to her.'' The witness then escaped from the car and ran across a vacant lot.

Upon this testimony the defendant was convicted as to counts I, II and III. The same contention with respect to the instruction in so far as counts I and II is advanced but for the reason already given must be denied. However, it is apparent that the judgment must be reversed as to these two counts. There is no evidence to justify the conviction of robbery. Granting that the testimony was sufficient with respect to the intent to commit rape it is manifest that no force or fear with reference to the robbery was involved. The record is void of any showing that any force was used in taking the cigarettes or that the complaining witness was afraid to resist the taking of them. No money was taken or any act committed which indicated that appellant was inclined to rob the complaining witness of anything except her virtue, and of course there being no robbery or attempted robbery the charge of kidnaping for the purpose of robbery must necessarily fall.

■ The contention is also advanced that the testimony is insufficient to support the charge of attempted rape. As already indicated the evidence discloses that the complaining

witness was bruised and scratched. It also appears that she was compelled to seek the services of a physician for the injury to her breast. Further the appellant threatened her that he was going to get what he wanted whether she consented or not. The accompaniment of the threat by the acts of force, the violent laying of defendant's hands upon the complainant's person is amply sufficient to sustain the charge.

The appellant argues that the situation of the persons in the Ford coupe was such as to render accomplishment of the act impossible. It is to be noted, however, that there is a distinction between an attempt to commit rape and assault with intent to commit rape; and that in the former it is not even essential that there should be an assault. (*People* v. *Lee Kong*, 95 Cal. 666 [30 Pac. 800, 29 Am. St. Rep. 165, 17 L. R. A. 626]; *People* v. *Gardner*, 98 Cal. 127 [32 Pac. 880].)

Hence the judgments and order should be and they are affirmed as to counts III, IV, VI and VIII, and reversed as to counts I and II.

Seawell, J., Shenk, J., Waste, C. J., Curtis, J., and Langdon, J., concurred.