112 N.J. Super. 368 (1970)
271 A.2d 444
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WAYNE STILL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 26, 1970.
Decided December 1, 1970.
*369 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Ira Rabkin, Camden assigned counsel, argued the cause for appellant.
*370 Robert L. Messick, Asst. Prosecutor, argued the cause for respondent (A. Donald Bigley, Camden County Prosecutor, attorney; John P. Jehl, Asst. Prosecutor, on the brief).
The opinion of the court was delivered by LEONARD, J.A.D.
The Camden County grand jury returned two indictments against defendant and two co-defendants, Milton and Sebastian, the first charging them with assault with intent to commit sodomy (N.J.S.A. 2A:90-2), and the second with attempt to commit sodomy (N.J.S.A. 2A:143-1 and 2A:85-5). Defendant and Sebastian were tried together, Milton not being within the jurisdiction. The jury found Sebastian guilty on both charges, but defendant guilty only of assault with intent to commit sodomy. The trial judge sentenced defendant to a 5-7 year State Prison term. This appeal followed.
Defendant first contends that the two verdicts returned as to him were inconsistent; that having been acquitted on the attempt charge, he was entitled to an acquittal on the assault charge. He argues that the two offenses constitute but one crime.
An assault has been defined as "an attempt or offer with unlawful force or violence to do a corporal hurt or physical injury to another," State v. Staw, 97 N.J.L. 349, 350 (E. & A. 1922), or "force unlawfully directed toward the person of another, under such circumstances as create a well-founded fear of imminent peril, coupled with an apparent present ability to execute the attempt if not prevented." Black's Law Dictionary (4th ed. 1951). By contrast, an attempt to commit a crime is "an act done with intent to commit it beyond mere preparation but falling short of its actual commission." State v. O'Leary, 31 N.J. Super. 411, 412, 417 (App. Div. 1954).
However, these classic definitions do not aid us in resolving the instant question: Are the words "attempt to commit sodomy," in their ordinary meaning, the exact equivalent of the words "assault with intent to commit *371 sodomy"? We think not. Although an assault with intent to commit a particular crime is, in general, the same as an attempt to commit that crime,[1] the two are not identical. The assault charge requires a greater degree of proximity to completion of the offense. Perkins on Criminal Law (1957), C. 6, § 3B, states that
The law of assault, crystallizing at a much earlier day than the law of criminal attempt in general, is much more literal in its requirement of "dangerous proximity to success" (actual or apparent) than is the law in regard to an attempt to commit an offense other than battery.

* * * * * * * *
It follows that an assault with intent to commit a certain crime generally includes an attempt to commit that crime, but an attempt to commit the crime does not include an assault with intent to commit it. * * * [at 500-501]
In State v. Hetzel, 159 Ohio St. 350, 112 N.E.2d 369 (Sup. Ct. 1953), the court held that there may be an attempt to commit rape without an assault with intent to commit that crime. The court, in distinguishing the two offenses, noted that
The distinction may be thus defined: An assault is an act done toward the commission of a battery; it must precede the battery, but it does so immediately. The next movement would, at least at all appearance, complete the battery. While an act constituting an attempt to commit a felony may be more remote * * * "the overt act done in the attempt to commit an offense need not be the last proximate act prior to the consummation of the felony intended to be perpetrated." [112 N.E.2d at 370].
See also People v. Welsh, 7 Cal.2d 209, 60 P.2d 124 (Sup. Ct. 1936). An example of the "proximity to success" theory is found when penetration cannot be established; in that *372 situation it is usual to prosecute for an assault with intent to commit sodomy. 2 Schlosser, Criminal Laws of New Jersey (3d ed. 1970), § 95.11 at 503.
In State v. Swan, 131 N.J.L. 67, 69 (E. & A. 1944), the court indicated that an attempt to commit rape is committed by the first overt act, i.e, by the "primary attack upon the woman made for the purpose of carrying out the intent." (Emphasis added).
In the instant case defendant, his two co-defendants, and the victim were all prisoners confined in the county jail. The victim testified that defendant grabbed him from behind and began to punch him about his body. One unidentified inmate tried to take off his trousers. Sebastian demanded that he commit certain aberrant sexual acts, threatened him with physical harm if he refused, and then attempted by force to copulate with him. Milton was a lookout and signalled that a guard was coming. Thereupon defendant, Sebastian and the other inmate left the cell, terminating the incident.
The State proceeded against defendant and Sebastian upon the alternative theories that each was guilty as principal and also as an aider and abettor of the other. The court charged, without objection, that "any person who aids, abets * * * another to commit a crime is punishable as a principal." N.J.S.A. 2A:85-14. Thus, although the jury might have concluded that defendant's conduct may not have been sufficient to have reached that "degree of proximity" to establish his guilt as the one who actually committed an assault with intent to commit sodomy, it also could have properly found that defendant aided and abetted Sebastian in the assault committed by him. Likewise, the jury also may have determined that defendant's acts in grabbing and hitting his victim were of too equivocal a character to constitute an attempt to commit a crime of a sexual nature. Cf. People v. Goldstein, 146 Cal. App.2d 268, 303 P.2d 892, 897 (Cal. D. Ct. App. 1956). Under these circumstances we cannot hold that these verdicts are inconsistent.
*373 However, in the alternative, assuming that they were inconsistent, the modern and majority rule is that consistency between the verdicts on the several counts of an indictment or on several indictments, each charging substantially the same offense, is unnecessary where defendant is convicted on one or some counts or indictments but acquitted on others. Such a conviction will generally be upheld irrespective of its rational incompatibility with the acquittal. Dunn v. United States, 284 U.S. 390, 393, 52 S.Ct. 189, 76 L.Ed. 356 (1932); see Annotation, 18 A.L.R.3d 259, 274 and cases cited therein. In Dunn, Justice Holmes wrote,
Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment. If separate indictments had been presented * * * and had been separately tried, the same evidence being offered in support of each, an acquittal on one could not be pleaded as res judicata of the other. Where the offenses are separately charged in the counts of a single indictment the same rule must hold. [284 U.S. at 393, 52 S.Ct. at 190]
New Jersey specifically adopted the Dunn rule in State v. Roller, 29 N.J. 339, 348-49 (1959).
Defendant also contends that the judgment of conviction should be reversed because there are facts established which are clear, almost beyond any question, which deprive the judgment of any proper foundation. In effect, he argues that the verdict was against the weight of the evidence. However, upon an assessment of the record, we are convinced that the verdict was substantially supported by credible and competent evidence. The weighing of the credibility of the various witnesses was for the jury and we find no plain or obvious failure on its part to perform its function. State v. Cook, 47 N.J. 402, 416 (1966); State v. Brown, 46 N.J. 96, 108 (1965). Specifically, defendant's identification by the victim, which is attacked here as plain error, was not unduly suggestive nor conducive to a mistaken identification. Certainly, of itself it did not possess a clear *374 capacity to bring about an unjust result. State v. Hock, 54 N.J. 526, 538 (1969).
Affirmed.
NOTES
[1] The New Jersey Criminal Law Revision Commission's study draft of a new penal code for this State (Part II, 1970, IIC-4) recommends the elimination of the offenses of assault with intent to commit specific crimes. (N.J.S.A. 2A:148-6; N.J.S.A. 2A:90-2; N.J.S.A. 2A:90-3 and, in part, N.J.S.A. 2A:125-1) and suggests that these offenses he treated as attempts to commit the substantive crime.