[No. A026693. First Dist., Div. Three. Aug. 29, 1984.]

RUBEN RODRIGUEZ, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Alfredo M. Morales for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, Attorney General, Thomas A. Brady and Ann K. Jensen, Deputy Attorneys General, for Real Party in Interest.

**OPINION**

**WHITE, P. J.**—This petition, by a criminal defendant, challenges failure to dismiss one count of a two count information (Pen. Code, § 995). The issue is whether the magistrate properly held petitioner to answer for robbery upon evidence that the rape victim left her purse in petitioner's car when he forced her out to rape her and evidence that petitioner drove off with the purse after the rape. We find the evidence insufficient to support the holding order.

Only the victim testified for the prosecution at the preliminary examination. The defense called two witnesses, but neither testified about the events forming the basis for the robbery charge. The victim testified that she was waiting for a bus just before midnight when petitioner drove up. He asked her if she needed a ride. She said she did not. He asked again, with the same result. He then got out of his car and went toward her.

The victim went for her purse on the bus bench as petitioner grabbed her arm. He forced her, with her purse, into the car. She asked him to leave her alone, but he said he was going to take her home.

Petitioner stopped at a 7-Eleven store to buy beer, threatening the victim if she left the car. He then drove her to a field behind a high school. While parked there, petitioner told her to take a drink of beer and tried to kiss her. She told him to stop, but he forced kisses on her. When she tried to pull away he got out of the car and told her to get out too. He grabbed her arm and directed her onto the baseball field. When he grabbed her out of

the car she did not have time to take her purse, so it stayed behind in the car. On the baseball field he raped her.

After raping her, petitioner told her to wait there. She did, while he returned to the car. He waited for a minute in the car while she got dressed, but then when she was halfway back to the car, he drove off. When she returned to where the car had been she did not see her purse. Two of the six cans of beer were there, on the ground.

■ The evidence will suffice for a commitment if it provides " 'some rational ground for assuming the possibility' [that a robbery was committed by petitioner]. ■ A reviewing court may not substitute its judgment for that of the magistrate as to the weight of the evidence, and every legitimate inference to be drawn from it must be drawn in favor of the information. [Citations.]" (*Ghent* v. *Superior Court* (1979) 90 Cal.App.3d 944, 955 [153 Cal.Rptr. 720].)

Robbery is defined as the "felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (Pen. Code, § 211.) ·

■ Petitioner contends that any force or fear which took place occurred in connection with the rape and not with the taking of the victim's purse. The Attorney General responds that the taking here was accomplished when the victim was removed from her property by force or fear. He submits that there is no legal distinction between removing the property from the victim and removing the victim from the property and that if either is accomplished through force the defendant has committed robbery.

The cases cited by the parties are of little aid in deciding this case. *People* v. *Welsh* (1936) 7 Cal.2d 209 [60 P.2d 124], and *People* v. *Wiley* (1976) 57 Cal.App.3d 149 [129 Cal.Rptr. 13], disapproved on other grounds in *People* v. *Wheeler* (1978) 22 Cal.3d 258, 286-287, footnote 35 [148 Cal.Rptr. 890, 583 P.2d 748], cited by petitioner, present examples of evidence found insufficient (*Welsh*) and evidence found sufficient (*Wiley*) to sustain robbery convictions. In *Welsh*, an attempted rape case, defendant and another man threw the victim into their car and drove her around, making various sexual overtures. Shortly after the trip started, defendant reached over and took the victim's purse, took the cigarettes out of it, and dropped it back in her lap. The *Welsh* court found no evidence that any force was used in taking the cigarettes and reversed the robbery conviction. (7 Cal.2d 209, 212.)

In *Wiley*, a rape case, the defendant removed the victim's pants, handed them to his brother, and told him to look through the pockets. The brother·

removed a $5 bill. The *Wiley* court found sufficient evidence that the money was taken by force or fear, noting that the victim was frightened by threats throughout the entire encounter. The court rejected a claim that the taking was not in the victim's immediate presence. (57 Cal.App.3d 149, 160-161.)

The Attorney General relies on *People* v. *Miramon* (1983) 140 Cal.App.3d 118 [189 Cal.Rptr. 432], and *People* v. *Lavender* (1934) 137 Cal.App. 582 [31 P.2d 439], cases which explore the limits of the "immediate presence" requirement. *Miramon* found the requirement met when the victim entered his house, heard noises, upon investigation found defendant standing over his stereo wielding a knife, then chased and captured the defendant, finding him with some of the loot. In *Lavender* the requirement was met when a hotel clerk was tied up while showing a room and the robbers went to the hotel office and rifled the cash drawer.

We have no difficulty concluding that if the other elements were satisfied, the taking here was from the victim's immediate presence. The more difficult questions, not addressed by the parties directly, are (1) whether there was sufficient evidence of a "felonious" taking, and (2) whether there was sufficient evidence that any intent to steal existed before or during the application of force, rather than merely after application of force.

■ "[T]he word 'felonious,' used in connection with the taking of property, means a taking with intent to steal." (Perkins on Criminal Law (2d ed. 1959) Robbery, ch. 4, § 2, p. 280.) ■ Thus, if petitioner took the victim's purse with him by accident or inadvertence and without intent to steal, one element of robbery did not exist. Likewise, under the analysis in *People* v. *Green* (1980) 27 Cal.3d 1, 50-59 [164 Cal.Rptr. 1, 609 P.2d 468], if the intent to steal was formed only after the victim was forced from petitioner's car, no robbery took place.

*Green* was a death penalty appeal in which one of the special circumstance findings was that the defendant had committed the murder "during the commission" of a robbery. The evidence in support of the robbery charge showed that at the scene of the killing the defendant forced the victim to remove her clothes and after the killing he removed her rings and arranged to get rid of her rings, clothes, and purse. The defendant argued that the verdict could not be sustained because there was no evidence he conceived his intent to steal either before or during his act of force against the victim. Though the *Green* court found sufficient evidence of an earlier intent to permanently deprive the victim of her property, it first explained the perti-

nent law: "We are cited to no case squarely declaring this rule in California. A contrary rule has been recognized in certain other jurisdictions, but with little analysis; we are not persuaded by the opinions in those cases, and their result has been criticized on principle by the commentators. (E.g., LaFave & Scott, Criminal Law (1972) p. 702.) ■ The rule urged by defendant, on the other hand, is consistent with the fundamental doctrine of criminal law codified in Penal Code section 20, to wit, that in every crime 'there must exist a union, or joint operation of act and intent. . . .' (See *People* v. *Mayberry* (1975) 15 Cal.3d 143, 154 []; *People* v. *Hernandez* (1964) 61 Cal.2d 529, 532 []; *People* v. *Stuart* (1956) 47 Cal.2d 167, 171 [].) 'So basic is this requirement that it is an invariable element of every crime unless excluded expressly or by necessary implication.' (Fn. omitted.) (*People* v. *Vogel* (1956) 46 Cal.2d 798, 801 [].) ■ It is an element of robbery. (*People* v. *Crowl* (1938) 28 Cal.App.2d 299, 308 [].) [¶] Under section 20, the defendant's wrongful intent and his physical act must concur in the sense that the act must be motivated by the intent. Although troublesome questions of causation may arise when the act occurs in a manner different from that previously intended (see LaFave & Scott, *op. cit. supra,* p. 239 et seq.), 'The easiest cases are those in which the bad state of mind *follows* the physical conduct, for here it is obvious that the subsequent mental state is in no sense legally related to the prior acts or omissions of the defendant.' (Italics added; fn. omitted.) (*Id.,* at p. 238.) Citing numerous out-of-state decisions (see also *id.* at pp. 642-643, fns. 32-34), the authors then apply this rule to the crime of larceny: 'It is not larceny for *A* to take possession of and carry off *B's* property with an innocent mind, although later *A,* overcome by temptation, converts the property with an intent to steal it.' (Fn. omitted; *id.,* at p. 238.) [¶] ■ The law of California is in accord, holding that to support a conviction of larceny the defendant must have intended to steal the property at the time he took it; if the intent arose after the act of taking, the crime may be embezzlement or a lesser offense but it cannot be larceny. (*People* v. *Smith* (1863) 23 Cal. 280; *People* v. *Turner* (1968) 267 Cal.App.2d 440, 444 []; *People* v. *Edwards* (1925) 72 Cal.App. 102, 116-117 [], [disapproved on another ground in *In re Estrada* (1965) 63 Cal.2d 740, 748] []; CALJIC No. 14.02 (1979 rev.).) ■ The same rule must therefore apply to robbery: 'Since robbery is but larceny aggravated by the use of force or fear to accomplish the taking of property from the person or presence of the possessor [citation], the felonious intent requisite to robbery is the same intent common to those offenses that, like larceny, are grouped in the Penal Code designation of "theft."' (Fn. omitted.) (*People* v. *Butler* (1967) 65 Cal.2d 569, 572-573 [].) We conclude that like the nonviolent taking in larceny, the act of force or intimidation by which the taking is accomplished in robbery must be motivated by the intent to steal in order to satisfy the requirement of section 20: if the larcenous purpose does not arise until after the force has been used against the

victim, there is no 'joint operation of act and intent' necessary to constitute robbery." (*Id.*, at pp. 53-54, fns. omitted.)

█ Applying the foregoing principles to the evidence before the magistrate here, we are struck by the absence of evidence concerning petitioner's awareness of the purse. Had the testimony revealed that petitioner showed an interest in the purse or that the victim brought it to his attention, the prosecutor could have argued for an inference that one of petitioner's intentions when he forced the victim from the car was to separate her from her purse. The inference would have been weak, in light of evidence that his dominant concern was for sexual gratification, but it would have been available. However, with no evidence that the defendant became aware of the purse before forcibly separating the victim from it, the inference is unavailable.

In order to sustain the superior court, we would have to find it reasonable to infer from the fact that petitioner raped the victim and the fact that she possessed a purse, the further facts that he knew she possessed the purse and that he intended before the rape to steal it from her. Clearly, there is no basis for such a cumulation of inferences. The superior court erred in failing to dismiss the robbery count.[1]

Let a peremptory writ of prohibition issue restraining any further action on the robbery count other than dismissal of the charge.

Scott, J., and Barry-Deal, J., concurred.

---

[1]We need not speculate whether the required inferences could have been drawn from evidence concerning the disposal of the victim's purse. For reasons unknown to us, the prosecutor failed to present such evidence at the preliminary examination. That evidence was presented only at the superior court suppression hearing. (Pen. Code, § 1538.5.)