Filed 4/27/26  P. v. Cheso CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN JEREMY CHESO,<br>    Defendant and Appellant. | C102150<br><br>(Super. Ct. No. CRF20-00460) |

A jury found defendant John Jeremy Cheso guilty of attempted robbery.  On appeal, defendant contends insufficient evidence supports the jury finding that he intended to take at the time he used force, as he argues is required for an attempted robbery conviction.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In February 2020, the victim left a casino around midnight.  Outside the casino, the victim called for a ride home and sat on a bench.  Defendant sat next to the victim, who recognized defendant.  Defendant demanded money from the victim and stated something to the effect of, " 'I know you got money and you are going to give me money or I'm going to take it from you.' "  The victim stated he did not have money and stood to empty his pockets in response to defendant's increasing aggression—demonstrated by defendant's loud volume, "foul words," and "rocking" back and forth.  Defendant then said, " 'I'll take the phone,' " and reached for the phone in the victim's hand.  The victim

1

"yanked away" and ran from defendant toward the casino's doors. Defendant chased the victim and hit him "with his fist on the top of [the victim's] head," inflicting a deep gash. The victim entered the casino and defendant ran away.

At trial, the prosecutor introduced video surveillance footage from the casino into evidence as an exhibit.[1] The prosecutor showed the video with accompanying testimony from a detective, who agreed the video "roughly depict[ed]" the victim's account of the incident.

The jury found defendant guilty of attempted robbery. The trial court sentenced defendant to 18 months in prison.

Defendant appeals.

DISCUSSION

Defendant contends insufficient evidence supports his conviction for attempted robbery because he did not have the intent to take at the time he used force. We disagree.

In reviewing a sufficiency of the evidence claim, our role is limited. (*People v. Smith* (2005) 37 Cal.4th 733, 738.) "We ' " 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " ' " (*People v. Brooks* (2017) 3 Cal.5th 1, 57.) " 'Substantial evidence includes circumstantial evidence and any reasonable inferences drawn from that evidence.' " (*Ibid*.) "Because direct evidence of a defendant's intent rarely exists, intent may be inferred from the circumstances of the crime and the defendant's acts." (*People v. Sanchez* (2016) 63 Cal.4th 411, 457.)

---

[1] The video is not in the appellate record.

An attempt to commit a crime occurs when there is "a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (Pen. Code, § 21a.) " 'The act required must be more than mere preparation, it must show that the [defendant] is putting his or her [or their] plan into action. That act need not, however, be the last proximate or ultimate step toward commission of the crime.' " (*People v. Sanchez, supra*, 63 Cal.4th at p. 470.) "Robbery is the felonious taking of personal property in the possession of another, from [their] person or immediate presence, and against [their] will, accomplished by means of force or fear." (§ 211.) " 'The crime of attempted robbery requires neither the commission of an element of robbery nor the completion of a theft or assault.' " (*Sanchez*, at p. 470.)

There is sufficient evidence defendant attempted a robbery. The victim testified defendant approached him and demanded his property, stating he would take it if the victim did not hand it over. The victim further testified defendant used a loud voice, "foul words," and "rock[ed]" back and forth in obvious aggression before reaching for the victim's phone, causing the victim to yank the phone back. At trial, a detective testified the video surveillance footage from the casino corroborated the victim's testimony. It is reasonable for a jury to conclude from evidence of defendant's demeanor that defendant intended to take property from the victim by force or fear at the time he committed the direct but ineffectual act of demanding and reaching for the victim's property. Moreover, contrary to defendant's argument, defendant's conduct of hitting the victim after demanding his property is circumstantial evidence of his clear intent to take by force or fear. (See *People v. Lindberg* (2008) 45 Cal.4th 1, 27 ["a defendant's specific intent to commit a crime [may be inferred] from all of the facts and circumstances shown by the evidence"].)

Defendant acknowledges he "undeniably used force," but contends insufficient evidence supports the jury's finding because hitting the victim was "plainly disconnected" from his attempt to take from the victim. We disagree. The elements of

3

attempted robbery were met before defendant hit the victim, making defendant's reliance on cases concluding there was no union of act and intent where a taking occurred long after a use of force inapposite. (*People v. Welsh* (1936) 7 Cal.2d 209, 212; *Rodriguez v. Superior Court* (1984) 159 Cal.App.3d 821, 826-827.) Defendant's reliance on *People v. Burgess* (2023) 88 Cal.App.5th 592 is also misplaced. In *Burgess*, the defendant took by false pretenses, which is legally insufficient for a felony-murder conviction. (*Id*. at p. 595.) Here, the jury did not find defendant took by false pretenses but that he intended to take by force or fear when he attempted to take property from the victim. As discussed, substantial evidence supports that finding.

Accordingly, we conclude there was sufficient evidence to support an attempted robbery conviction.

DISPOSITION

The judgment is affirmed.

/s/
ROBIE, Acting P. J.

We concur:

/s/
KRAUSE, J.

/s/
MESIWALA, J.

4