[No. B129371. Second Dist., Div. Five. Feb. 15, 2000.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE GUADALUPE DIAZ, Defendant and Appellant.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part IV.

244

**COUNSEL**

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Sanjay T. Kumar, and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**O'NEILL, J.*—**

## I. INTRODUCTION

Defendant Jose Guadalupe Diaz was convicted by jury of sexually assaulting and attempting to rob a woman he accosted on the street and forced into a nearby park. His 80-year-to-life state prison sentence resulted from the combined effect of the so-called three strikes and one strike sentencing statutes. We remand for resentencing and otherwise affirm.

In the published portion of our opinion we interpret the meaning of the word "kidnapped" in Penal Code section 667.61, subdivision (d)(2), which is a part of the one-strike sex-offender statute. We also find sufficient evidence to support the jury's verdict as to that form of kidnapping.

## II. PROCEDURAL HISTORY

Defendant was charged and convicted in count 1 of attempted second degree robbery (Pen. Code[1], §§ 664/211), in count 2 of forcible penetration by a foreign object (§ 289, subd. (a)), and in count 3 with assault with intent to commit rape (§ 220). Count 2 included one strike kidnapping allegations, both simple (§ 667.61, subds. (b) & (e)(1)) and aggravated (§ 667.61, subds. (a) & (d)(2)). Defendant's 1990 conviction of five counts of attempted murder (§§ 664/187) was charged both as five strikes (§ 667, subds. (b)-(i)) and one prior serious felony (§ 667, subd. (a)(1)). The trial court computed the 80-year minimum prison term by first imposing consecutive three-strike sentences on counts 1 and 2, then enhancing by five years under the serious felony law (§ 667, subd. (a)(1)) and 25 years under the one strike law for aggravated kidnapping (§ 667.61, subds. (a) & (d)(2)).

## III. KIDNAPPING ENHANCEMENT

 Defendant challenges the sufficiency of the evidence of the one strike kidnapping allegation, arguing that the movement of the victim was incidental to the sexual assault. The statute at issue, section 667.61, subdivision (d)(2), reads in pertinent part as follows: "The defendant kidnapped the victim of the present offense and the movement of the victim substantially increased the risk of harm to the victim over and above that level of

---

*Judge of the Ventura Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1]All further statutory references are to the Penal Code.

risk necessarily inherent in the underlying offense . . . ." The plain wording of this enhancement requires two elements: (1) a simple kidnapping (§ 207, subd. (a)[2]); and (2) a substantial increase in the risk of harm to the victim.

█ A threshold question raised by the People is whether the issue of incidental movement has any relevance. The statute does not expressly require more than incidental movement, and it would be inappropriate for this court to add a requirement not intended by the Legislature. (See *People v. Jones* (1997) 58 Cal.App.4th 693, 717 [68 Cal.Rptr.2d 506] [Court of Appeal declined to read a specific intent requirement into § 667.61, subd. (d)(2)].) However, the Legislature is presumed to understand and intend to incorporate judicial interpretations of statutory language that predate new legislation. It has long been the law in California that even a simple kidnapping requires movement more than incidental to the commission of an "associated crime." (*People v. Martinez* (1999) 20 Cal.4th 225, 237 [83 Cal.Rptr.2d 533, 973 P.2d 512]; *In re Earley* (1975) 14 Cal.3d 122, 129, fn. 9 [120 Cal.Rptr. 881, 534 P.2d 721]; *Cotton v. Superior Court* (1961) 56 Cal.2d 459, 465 [15 Cal.Rptr. 65, 364 P.2d 241].) Consequently, we hold that kidnapping within the meaning of section 667.61, subdivision (d)(2) requires movement of the victim that is more than incidental to the under-lying sex offense.

█ However, defendant incorrectly interprets the relevant law when he cites *People v. Daniels* (1969) 71 Cal.2d 1119, 1130-1131 [80 Cal.Rptr. 897, 459 P.2d 225, 43 A.L.R.3d 677] for the proposition that movement is incidental unless there is an intent to kidnap apart from the intent to facilitate the associated crime. *Daniels* held that movement of victims no more than 30 feet within their own homes was incidental to the associated robberies and rapes, and insufficient to support aggravated kidnapping (§ 209[3]), then punishable by death. (*Daniels* at pp. 1126, 1130-1131.) A fair reading of the language of the opinion makes it clear that the court did not establish a "separate intent" test as to incidental movement. (*Id.* at p. 1131, fn. 5.) Several years later, the Supreme Court again addressed this point, stating that movement is not necessarily incidental even though it is designed to

---

[2]Section 207, subdivision (a) reads as follows: "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping."

[3]Section 209, often referred to as aggravated kidnapping, governs and provides enhanced penalties for kidnapping for ransom, extortion, robbery, and forcible sex offenses. Where the associated offense is robbery or any listed sexual assault, the aggravated kidnapping only occurs where the movement of the victim is more than incidental to the underlying offense, and increases the risk of harm to the victim. (§ 209, subd. (b)(2); see also *People v. Daniels*, *supra*, 71 Cal.2d at pp. 1126, 1130-1131.)

facilitate an associated crime. (*In re Earley, supra,* 14 Cal.3d at p. 130.) The court also noted that movement can be incidental even though "essential" to the associated crime. (*Id.* at p. 130, fn. 11.)

Later still, again speaking in the context of section 209, the court reviewed *Daniels* and summarized the applicable law: "As for . . . whether the movement is merely incidental to the crime of robbery, the jury considers the 'scope and nature' of the movement. (*People v. Daniels, supra,* 71 Cal.2d at p. 1131, fn. 5.) This includes the actual distance a victim is moved. However, we have observed that there is no minimum number of feet a defendant must move a victim . . . . [Citation.] [¶] In addition, we have since *Daniels, supra,* analyzed the question of whether the movement was incidental to the commission of the underlying crime by considering the context of the environment in which the movement occurred. [Citations.]" (*People v. Rayford* (1994) 9 Cal.4th 1, 12 [36 Cal.Rptr.2d 317, 884 P.2d 1369].)

Thus, incidental movements are brief and insubstantial, and frequently consist of movement around the premises where the incident began. (See, e.g., *People v. Stanworth* (1974) 11 Cal.3d 588, 597-600 [114 Cal.Rptr. 250, 522 P.2d 1058] [25 feet from road to open field]; *People v. Mutch* (1971) 4 Cal.3d 389, 397-399 [93 Cal.Rptr. 721, 482 P.2d 633] [30 to 40 feet from one room to another in business establishment]; *People v. Williams* (1970) 2 Cal.3d 894, 902 [88 Cal.Rptr. 208, 471 P.2d 1008] [around gas station premises]; *People v. Daniels, supra,* 71 Cal.2d at pp. 1122-1125 [5 to 30 feet within victims' own homes]; *Cotton v. Superior Court, supra,* 56 Cal.2d at pp. 463-464 [dragging an assault victim 15 feet insufficient to support kidnapping].) By contrast, relatively short distances have been found not to be incidental where the movement results in a substantial change in "the context of the environment." (See, e.g., *People v. Rayford, supra,* 9 Cal.4th at p. 23 [105 feet at night from parking lot to less visible location next to wall in adjacent empty lot not incidental to intended rape]; *People v. Jones* (1999) 75 Cal.App.4th 616, 629-630 [89 Cal.Rptr.2d 485] [25 to 40 feet across a school parking lot and into the victim's own car not incidental to intended robbery, where defendant intended to drive away but victim immediately escaped]; *People v. Salazar* (1995) 33 Cal.App.4th 341, 347 [39 Cal.Rptr.2d 337] [29 feet from outside motel room door, through the room, and into a bathroom not incidental to intended sexual assault].)

The court in *Salazar* explained that the 29-foot movement into the motel room, though essential to Salazar's plan to commit the assault and avoid detection, was not incidental to the actual commission of the crime, which could have occurred in the motel hallway. (*People v. Salazar, supra,* 33

Cal.App.4th at p. 347.) The court also noted that, while robbery often involves incidental movement of a victim in connection with locating and taking the property, "a rape involves solely an attack on the person and does not necessarily require movement to complete the crime." (*Id.* at pp. 347-348, fn. 8.)

Mindful of these standards, we summarize the present facts. Defendant first accosted victim Nery C. and demanded her property at approximately 5:00 a.m., as she approached a bus stop near the intersection of Venice and Normandie in Los Angeles. It was still dark, but the intersection was lighted. After demanding her property and being told she had none, defendant forced Nery toward a nearby park, threatening her life. Defendant pushed the victim to the ground on a grassy area next to the sidewalk along Normandie Avenue, and got on top of her. When a passerby stopped her car and said something, defendant covered Nery's mouth. He picked the victim up and pushed her up a stairway, into the park, and around to the back side of a large recreation center building. Unlike the street area, the park was "completely dark." The sexual assault, including the violation of section 289, took place near a rear entrance to the closed building. An officer summoned by the passerby arrived a few minutes later. In the darkness, he could not see defendant and the victim at first, but did locate them once the victim's cries drew his attention to their exact location. The officer interrupted the assault and detained defendant.

It is unclear exactly how far the victim was moved from the site of her first contact with defendant. Our review of the record, including the relevant photographs admitted into evidence, leads us to conclude the victim was moved at least 150 feet, and perhaps twice that distance or more.

These facts more than adequately support the jury finding that the movement of the victim was substantial, and not incidental to the sexual assault.[4] The defendant could have sexually assaulted the victim in the sidewalk area where he first accosted her; indeed, he was in the process of doing so until distracted by the passing citizen. He quite obviously moved the victim in order to complete the attack and avoid detection. The scope and nature of the movement dramatically changed the environmental context.

We note the present case provides a good illustration of the distinction between incidental and nonincidental movements. Before the interruption by

---

[4] The jury was properly instructed as follows, based on CALJIC No. 9.52.1: "Kidnapping is the unlawful movement by physical force of a person without that person's consent for a substantial distance where the movement is not merely incidental to the commission of the unlawful penetration by a foreign object, and where the movement substantially increases the risk of harm to the person moved, over and above that necessarily present in the crime itself." Defendant makes no claim of instructional error.

the passerby, defendant had attacked the prone victim on a grassy strip immediately adjacent to the sidewalk, in full view of a major urban street. The movement from the sidewalk to the grassy strip could easily be characterized as incidental, in that it effected no substantial change in the surroundings, and may have been a short distance from where the defendant first made contact with the victim. However, the forcible movement of the victim into the darkened park and behind a large building was properly found by the jury to have been more than incidental to the sexual assault.

Though defendant does not clearly raise the issue of increased risk of harm, we note that the evidence was sufficient in this respect as well. We can only speculate as to what would have become of the victim had the passing citizen not taken prompt action, and had the police response not been quick. Clearly, the risk to the victim in the dark and isolated location of the attack increased significantly as compared to the lighted sidewalk near the bus stop where the incident began. Accordingly, substantial evidence supports the second element of the aggravated kidnapping enhancement. (*People v. Rayford, supra,* 9 Cal.4th at pp. 13-14; *People v. Jones, supra,* 75 Cal.App.4th at pp. 629-630; *People v. Salazar, supra,* 33 Cal.App.4th at pp. 348-349.)

IV. Computation of Sentence*

. . . . . . . . . . . . . . . . . . . . . . . . . .

V. Disposition

The matter is remanded for resentencing in accordance with the views expressed above. In all other respects the judgment is affirmed.

Turner, P. J., and Godoy Perez, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 24, 2000.

---

*See footnote, *ante,* page 243.