[No. B147302. Second Dist., Div. Six. Oct. 25, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
RENO KEITH SHADDEN, Defendant and Appellant.

## Counsel

Jerry D. Whatley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Marc E. Turchin, Acting Assistant Attorney General, Lance E. Winters and Michelle J. Pirozzi, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**GILBERT (P. J.),**—Here we conclude that the movement of a victim nine feet is sufficient to support a conviction for kidnapping to commit rape.

Reno Keith Shadden appeals a judgment after conviction of kidnapping to commit rape (Pen. Code, § 209, subd. (b)(1)),[1] assault with intent to commit rape (§ 220), false imprisonment (§ 236), burglary (§ 459), and second degree robbery (§ 211). The court sentenced him to life with the possibility of parole, plus three years. We conclude that substantial evidence supports the conviction for both robbery and kidnapping to commit rape. We reverse the false imprisonment conviction because it is a necessarily included offense of kidnapping to commit rape, but affirm the judgment in all other respects.

### FACTS

Shadden entered a video store shortly after 9:00 p.m., and punched store owner Christa M., who was at the front counter. As she stumbled, he grabbed her by the shoulders and dragged her nine feet into a small twelve-by-eight-foot back room. Shadden punched her again, knocking her to the floor and then pushed the door closed with his foot. He continued to hit her, tore her panties off and "straddled" her with his knees on each side of her. He removed his belt buckle and opened his zipper halfway. But Shadden stopped the attack when he heard a customer calling Christa M.'s name.

Shadden took four videotapes from a table in the room while he was still on top of her, and then left. Christa M. testified she was afraid for her life. As a result of the attack, she suffered bruises, abrasions, and compression fractures in her back.

Shadden testified that because he was high on alcohol and "meth" he tripped and fell into Christa M. She panicked and began hitting him. He stated, "I guess I hit back and then I finally got up and I left the store." Shadden testified, "I don't believe I took any videos." He had problems remembering the events because of his drug use.

### DISCUSSION

### I.

Shadden contends the evidence is insufficient to support the conviction for kidnapping to commit rape.

---

[1] All further statutory references are to the Penal Code.

■ In deciding the sufficiency of the evidence, we ask whether " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (*People v. Hatch* (2000) 22 Cal.4th 260, 272 [92 Cal.Rptr.2d 80, 991 P.2d 165], italics omitted.) We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].)

■ Kidnapping to commit rape involves two prongs. First, the defendant must move the victim and this asportation must not be "merely incidental to the [rape]." (*People v. Martinez* (1999) 20 Cal.4th 225, 232 [83 Cal.Rptr.2d 533, 973 P.2d 512]; § 209, subd. (b)(2).) Second, the movement must increase "the risk of harm to the victim over and above that necessarily present in the [rape]." (*People v. Martinez, supra,* at p. 232.) The two are not mutually exclusive, they are interrelated. (*People v. Rayford* (1994) 9 Cal.4th 1, 12 [36 Cal.Rptr.2d 317, 884 P.2d 1369].)

For the first prong, the jury considers the distance the defendant moved the victim and the "scope and nature" of the movement. (*People v. Rayford, supra,* 9 Cal.4th at p. 12; *People v. Jones* (1999) 75 Cal.App.4th 616, 628-629 [89 Cal.Rptr.2d 485].) For the second, it considers whether the movement gave the defendant "the decreased likelihood of detection" and an "enhanced opportunity to commit additional crimes." (*People v. Rayford, supra,* 9 Cal.4th at p. 13.)

A. *Shadden's movement of Christa M. was neither incidental to the attempted rape nor insubstantial*

■ Shadden contends the prosecution did not prove the first prong because he moved Christa M. only nine feet. He relies on *People v. Green* (1980) 27 Cal.3d 1 [164 Cal.Rptr. 1, 609 P.2d 468], and *People v. Brown* (1974) 11 Cal.3d 784 [114 Cal.Rptr. 426, 523 P.2d 226], which held that movement between 75 to 90 feet was too short to constitute simple kidnapping. But this case involves aggravated kidnapping. Moreover, in *People v. Martinez, supra,* 20 Cal.4th at pages 234-237, 239, our Supreme Court rejected the standard of fixed minimum distances it articulated in *Green* and *Brown.* The court stated that for aggravated kidnapping " 'there is no minimum number of feet a defendant must move a victim in order to satisfy the first prong.' " (*Martinez,* at p. 233.)

Shadden contends that his movement of Christa M. from the front of the store to the back room was both incidental to the attempted rape and

insubstantial. But "a rape . . . does not necessarily require movement to complete the crime." (*People v. Salazar* (1995) 33 Cal.App.4th 341, 348, fn. 8 [39 Cal.Rptr.2d 337].) Where a defendant drags a victim to another place, and then attempts a rape, the jury may reasonably infer that the movement was neither part of nor necessary to the rape. (*Ibid.; People v. Smith* (1995) 33 Cal.App.4th 1586, 1594 [40 Cal.Rptr.2d 31].) Shadden pulled off Christa M.'s panties and pulled down his zipper after he dragged her to the back room and shut the door. The jury could reasonably infer that the movement was not incidental to the attempted rape because Shadden only began the sexual attack after he moved her. (*People v. Smith, supra*, at p. 1594; *People v. Diaz* (2000) 78 Cal.App.4th 243, 248 [92 Cal.Rptr.2d 682].)

The court instructed with CALJIC No. 9.54 which defines substantial distance for aggravated kidnapping as being "more than slight, brief or trivial." Where movement changes the victim's environment, it does not have to be great in distance to be substantial. (*People v. Smith, supra*, 33 Cal.App.4th at pp. 1593-1594 [defendant moved the victim from the driveway into a camper at the rear of the house].) Shadden slugged and dragged Christa M., nine feet from an open area to a closed room. From these facts the jury could reasonably infer that the distance was substantial for Christa M. and it changed her environment. (*Ibid.*)

### B. *The movement increased Christa M.'s risk of harm*

Shadden contends that the second element was not present because he did not increase Christa M.'s risk of harm by moving her a short distance in the store. But where a defendant moves a victim from a public area to a place out of public view, the risk of harm is increased even if the distance is short. (*People v. Smith, supra*, 33 Cal.App.4th at p. 1594 [defendant moved victim 40 to 50 feet from a driveway "open to street view" into a camper]; *People v. Diaz, supra*, 78 Cal.App.4th at p. 249 [defendant moved victim from a well lit area to the back of a recreation center; court stated "the risk to the victim in the dark isolated location of the attack increased significantly as compared to the lighted sidewalk . . . where the incident began"].)

In *People v. Jones, supra*, 75 Cal.App.4th 616, the Court of Appeal affirmed a conviction of kidnapping for robbery where the defendant moved the victim across a parking lot. It stated: "The critical factor which substantially increased the risk of harm . . . occurred when he forced her to move 40 feet in order to then push her into her car. Although the car alarm was sounding, once he pushed her into the car, she was no longer in public view . . . ." (*Id.* at pp. 629-630.)

In *People v. Salazar, supra*, 33 Cal.App.4th 341, the court affirmed a conviction for kidnapping with intent to rape where the defendant moved the

victim 29 feet from an outside walkway to the bathroom of a motel room. The court concluded that when he moved her to the bathroom and shut the door, this increased her risk of harm by allowing him to attempt the crime in seclusion. (*Id.*, at p. 348.)

In each of these cases the distance varied, but the common critical factor was that the defendant either secluded or confined the victim. Here the distance was short, but, as in the above cases, the risk of harm substantial. By moving Christa M. to the back room, Shadden placed her out of public view. This made it less likely for others to discover the crime and decreased the odds of detection. (*People v. Rayford, supra*, 9 Cal.4th at p. 13.) When he closed the door, he enhanced his opportunity to rape and injure her. (*Ibid.; People v. Salazar, supra*, 33 Cal.App.4th at p. 348.)

## II.

Shadden contends he is not guilty of robbery because there is no evidence he took the videos from Christa M. by force or fear.

Robbery involves taking property from another by means of force or fear. (*People v. Holt* (1997) 15 Cal.4th 619, 671, 690 [63 Cal.Rptr.2d 782, 937 P.2d 213]; § 211.) Taking property in the victim's "immediate presence" establishes the taking element. (*People v. Brito* (1991) 232 Cal.App.3d 316, 325 [283 Cal.Rptr. 441].) "Fear may be inferred from the circumstances in which a crime is committed or property is taken." (*People v. Holt, supra*, 15 Cal.4th at p. 690.) Where a defendant begins a sexual assault, aware that the victim has property and takes it, the jury may infer the defendant intended to commit both rape and robbery. (*Id.* at p. 671; *Rodriguez v. Superior Court* (1984) 159 Cal.App.3d 821, 827 [205 Cal.Rptr. 750].) Or it may infer that the force used for the sexual offense was also force for robbery. (*Holt*, at p. 671; *Rodriguez*, at p. 827.)

Relying on *Rodriguez v. Superior Court, supra*, 159 Cal.App.3d 821, Shadden contends that after the attack he decided to take the videos, which is only theft not robbery. But the jury was not bound by his version of the facts, and *Rodriguez* does not support his position. In that case, the victim left her purse in the defendant's car before he forced her out, raped her and drove away. Because there was no evidence to show he knew her purse was in his car, the court could not draw an inference to support robbery. (*Id.* at p. 827.) But here Shadden knew Christa M. had videotapes because he was in her video store.

Moreover, Shadden struck Christa M. and was straddling her when he took the videotapes. She was on the floor, bleeding, with back injuries, and

was confined in a small place. She testified she feared for her life and Shadden took the videos against her will. Shadden admitted hitting her before he left. The jury could reasonably infer that Shadden took Christa M.'s property by either force or fear. (*People v. Holt, supra,* 15 Cal.4th at pp. 671, 690.)

### III.

 Shadden correctly contends that his conviction on count 3 for false imprisonment is a lesser included offense of kidnapping for rape. (*People v. Chacon* (1995) 37 Cal.App.4th 52, 65 [43 Cal.Rptr.2d 434].) He may not be convicted of both kidnapping and a lesser included offense. (*Ibid.*) The Attorney General concedes.

The conviction for false imprisonment (count 3) is reversed. In all other respects the judgment is affirmed.

Coffee, J., and Perren, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 16, 2002.