Mario Rene **RUBY**, Petitioner—Appellant,

v.

Ernest C. **ROE**, Warden; Attorney General of the State of California, Respondents—Appellees.

No. 03–55662.

D.C. No. CV–01–03589–LGB.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2003.*

Decided Jan. 14, 2004.

Mario Rene Ruby, CSPLAC–California State, pro se, Lancaster, CA, for Petitioner–Appellant.

Noah P. Hill, Stephanie A. Miyoshi, DAG, AGCA-Office of the California, Attorney General (LA), Los Angeles, CA, for Respondents–Appellees.

Before SKOPIL, FERGUSON, and BOOCHEVER, Circuit Judges.

**MEMORANDUM****

Mario Ruby appeals the denial of his request for a writ of habeas corpus, renew-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing his arguments that (1) there was insufficient evidence to support his conviction of kidnaping for sexual purposes; and (2) the state court erred by admitting evidence of a prior bad act for the purposes of proving Ruby's identity and modus operandi. Our review is limited to determining whether the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established" Supreme Court case law or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We have jurisdiction pursuant to 28 U.S.C. § 2253(a) and we affirm.

## DISCUSSION

### 1. *Sufficiency of Evidence*

■ Due process requires that a jury find beyond a reasonable doubt every fact necessary to constitute the crime charged. *See Apprendi v. New Jersey,* 530 U.S. 466, 477, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Ruby contends there was insufficient evidence presented at his trial to convict him of kidnaping one of his victims for sexual purposes. Ruby's conviction must stand, however, if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The *Jackson* standard is to be applied "with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* at 324 n. 16.

Under California law, the state was required to prove that Ruby (1) moved the victim a distance more than merely incidental to the commission of the crime and (2) the movement substantially increased the risk of harm to the victim greater than

necessarily present in the commission of the crime itself. *See People v. Martinez,* 20 Cal.4th 225, 83 Cal.Rptr.2d 533, 973 P.2d 512, 517 (1999). We agree with the district court that these standards were met. California law does not require any "minimum number of feet a defendant must move a victim." *See People v. Jones,* 75 Cal.App.4th 616, 89 Cal.Rptr.2d 485, 493 (1999). Rather, "where a defendant moves a victim from a public area to a place out of public view, the risk of harm is increased even if the distance is short." *People v. Shadden,* 93 Cal.App.4th 164, 112 Cal.Rptr.2d 826, 830 (2001). Evidence that Ruby forced his victim at knife point from a public street into his vehicle is sufficient to support the jury's verdict. *See People v. Rayford,* 9 Cal.4th 1, 36 Cal.Rptr.2d 317, 884 P.2d 1369, 1382 (1994).

### 2. *Prior Bad Act*

■ Ruby contends that the state court erred by admitting evidence regarding an earlier incident with a prostitute. Such an evidentiary ruling may be reviewed to determine whether it violated federal law, "either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process." *Walters v. Maass,* 45 F.3d 1355, 1357 (9th Cir.1995) (citing *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)). The trial court's ruling, however, cannot be disturbed on due process grounds "unless the admission of the evidence was arbitrary or so prejudicial that it rendered the trial fundamentally unfair." *Id.*

The state court admitted evidence of Ruby's prior bad act for purposes of identifying him and establishing his modus operandi. The court did so based on the prosecutor's explanation that the earlier

incident occurred in the same location where Ruby encountered his first victim, was in the same vehicle with the passenger door disabled, and Ruby possessed the same knife then that he later used against both victims. We agree with the federal district court that these facts are "sufficiently distinctive to be relevant to prove [Ruby's] identity and modus operandi." *See United States v. Easter*, 66 F.3d 1018, 1022 (9th Cir.1995) (identity); *Featherstone v. Estelle*, 948 F.2d 1497, 1502 (9th Cir.1991) (modus operandi).

**AFFIRMED.**

