Filed 7/18/13  P. v. Wellen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G045998 |
| v. | (Super. Ct. No. 10CF0786) |
| VICTOR JAMES WELLEN, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Richard F. Toohey, Judge.  Affirmed.

Mark Yanis for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lise Jacobson and Collette C. Cavalier, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Victor James Wellen was convicted of five counts of lewd conduct with a child, one count of kidnapping a child under the age of 14, and one count of kidnapping a child for the purpose of committing a lewd act. He contends there is insufficient evidence to support one of the kidnapping counts, and the trial court erred in admitting sexually-oriented evidence that was found on his computer. Finding these contentions unmeritorious, we affirm the judgment.

FACTS

Appellant worked at a small Christian school in Orange. In addition to teaching physical education, he also had recess duty and supervised students during daycare before and after school.

One day after school, nine-year-old Kianna P. attended daycare along with her sister Danielle and her friend Rachel. They were playing a game in the school's sanctuary, and appellant was the only teacher looking after them. After joining in the game briefly, appellant went over by the front of the sanctuary. While he was standing there, Kianna tried to sneak up on him. However, appellant spotted and grabbed hold of her. Kianna tried to squirm away, but appellant did not let her go. Instead, he picked her up and carried her to the music room, which was about 30 feet away.

Inside the music room, appellant put Kianna on a table. Then he went over and stood by the doorway. Kianna got off the table and walked over to the doorway, expecting appellant would let her leave. However, he told her she had to "do something special" before she could go. At that point, Kianna turned around and started walking in the opposite direction. While she was doing so, appellant came up to her from behind and pulled down her shorts. Kianna promptly pulled her shorts back up, and about 10 seconds later, Danielle and Rachel entered the room. They did not see what appellant had done to Kianna.

After appellant left the room, Kianna told Rachel what had happened, and later that day, Kianna told her mother about the incident. In speaking with authorities,

2

Kianna said this was not the first time appellant had done something like that to her at the school. She described a previous occasion when appellant had pulled down her shorts while they were playing a game of hide and seek. Kianna had not told anyone about that incident.

Appellant used game playing as a pretext with his other victims as well. With six-year-old T. V. the "game" involved appellant lifting up her skirt and exposing her underwear. And with second graders Ivy J. and Melody E. appellant had them reach into his pants pocket to see if they could find anything. Appellant also played a game with Ivy in which he tried to guess the color of her underwear.

Another one of appellant's victims was Alyssa P. One day at school, appellant asked her if her underwear matched the color of her shirt. Another time, while they were playing tag, he grabbed her underwear and gave her a "wedgie." Then there was the time appellant led Alyssa away from the playground and asked her if she wanted to be tickled. When she said okay, he asked her to take off her pants, but she refused and he brought her back to the playground. Alyssa was between nine and eleven years old when these incidents occurred.

Appellant was convicted of committing lewd acts on Kianna, T. , Ivy, Melody and Alyssa. He was also convicted of kidnapping Kianna and kidnapping Alyssa for the purpose of sexually molesting her. The trial court sentenced appellant to seven years in prison.

I

Appellant argues there is insufficient evidence to the support the jury's finding he kidnapped Kianna. We disagree.

The standard of review for assessing the sufficiency of the evidence to support a criminal conviction is "highly deferential." (*People v. Lochtefeld* (2000) 77 Cal.App.4th 533, 538.) Our task is not to retry the case but simply determine whether the record contains substantial evidence to support the jury's verdict. (*People v. Stuedemann*

3

(2007) 156 Cal.App.4th 1, 5.) We presume in support of the judgment the existence of every fact the jury could reasonably deduce from the evidence. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) And if the circumstances reasonably justify the jury's findings, we will not reverse merely because the circumstances may also reasonably be reconciled with a contrary result. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

In count 3, appellant was convicted of kidnapping Kianna while she was under the age of 14. (Pen. Code, §§ 207, subd. (a) [kidnapping], 208, subd. (b) [prescribing sentence where person kidnapped is under the age of 14].) Appellant does not dispute Kianna was under 14 at the time in question. Rather, he claims the conviction must be reversed because his movement of Kianna was not substantial. The evidence shows otherwise.[1]

In order to satisfy the asportation requirement of kidnapping, "the movement must be 'substantial in character' [citation] . . . ." (*People v. Martinez, supra*, 20 Cal.4th at p. 235.) Factors bearing on this requirement include the scope, nature and distance of the movement, whether the movement was incidental to the commission of another offense, and whether the movement decreased the likelihood of detection, increased the danger inherent in a victim's foreseeable attempts to escape, or enhanced the defendant's opportunity to commit additional crimes. (*Id*. at p. 237.)

As for the distance of the movement in this case, the record shows appellant carried Kianna only about 30 feet. But in cases where the movement changes the victim's environment, it does not have to be great to be substantial. (*People v. Shadden* (2001) 93 Cal.App.4th 164, 169 [asportation element satisfied where defendant dragged a store clerk nine feet from the front counter to a back room of the store where she

---

[1] In challenging the sufficiency of the evidence as to count 3, appellant contends the "applicable statutory provision" is Penal Code section 207, subdivision (b), which criminalizes kidnapping for purposes of committing a lewd act on a child. However, as noted above, appellant was actually convicted in count 3 of kidnapping a child under the age of 14. Although related, the two crimes are not the same. (See *People v. Martinez* (1999) 20 Cal.4th 225.)

4

worked]; e.g., *People v. Arias* (2011) 193 Cal.App.4th 1428, 1435 [affirming kidnapping conviction where victim was moved short distance from public area to private area]; *People v. Smith* (1995) 33 Cal.App.4th 1586, 1594 [same]; see also *People v. Corcoran* (2006) 143 Cal.App.4th 272, 280 [although distance is relevant to whether movement is substantial, "measured distance is not alone determinative"].)

Appellant took Kianna from the school's sanctuary, where other children were present, and carried her to the school's music room, where they were alone. By moving Kianna to this secluded area, appellant lessened the likelihood of detection and made it harder for Kianna to escape. And although they were only alone in the room for a few minutes, that was enough time for appellant to commit a lewd act on Kianna. The entire episode didn't last long, but by taking Kianna out of the view of others to a secluded location appellant clearly enhanced his ability to victimize her.

Appellant argues the movement was not substantial because it was merely incidental to the lewd act he committed on Kianna. But in the same breath, he contends the lewd act was nothing more than a "spontaneous afterthought." If that was the case, then he didn't move Kianna for the purpose of victimizing her, and the movement was not merely incidental to the lewd act he committed on her. Either way, the totality of the circumstances amply supports the jury's finding the movement was substantial in nature. Because the movement increased the risk of harm to Kianna, we affirm appellant's conviction for kidnapping in count 3.

II

Appellant also contends the trial court erred in admitting sexually oriented evidence obtained from his computer at the school. He argues the evidence was irrelevant, prejudicial and violated his due process rights, but we find the evidence was properly admitted.

Appellant's computer was seized after he admitted to police that he had viewed pornography in his office at school. When investigators searched the computer,

5

they found an assortment of photographs depicting semi-nude females and seven short video clips involving nudity. At a pretrial hearing to determine the admissibility of this evidence, the prosecutor noted some of the videos were filmed in "a school-type setting." And defense counsel described one of the videos as depicting "young men and women engaged in horseplay which includes surprised de-pantsing."

As for the age of the people depicted in the materials, the court found some of the females in the photos appeared to be older than 18 years of age, some you could not tell their age, and some appeared to be younger than 18. The court also found many of the females depicted in the videos were under the age of 18. On appeal, appellant does not dispute the court's findings in this regard.

The search of appellant's computer also revealed that many sexually orientated terms had been typed into the computer's search engine. These terms included, "pantsd," "pants down," "pants and panties," "pantsing," "pantsing girl," "girl pantsing," "girl strip," "undressing webcam," "girl caught undressing," "girl caught in panties," "truth or dare" and "pranks and pants." The prosecution argued the search terms, the photos and the video clips were highly probative of appellant's fetish for female undergarments and his intent to commit the charged offenses. However, the defense maintained the evidence was irrelevant and unduly prejudicial under Evidence Code section 352. In the end, the court admitted the evidence on the basis it was more probative than prejudicial. The court believed that because the evidence was not inflammatory, i.e., did not depict children engaged in explicit sexual conduct, its admission would not prevent appellant from receiving a fair trial.

Evidence is relevant if it logically tends to prove a material issue in the case, such identity, motive or intent. (Evid. Code, § 210; *People v. Garceau* (1993) 6 Cal.4th 140, 177.) Relevant evidence may take the form of prior bad acts, but evidence of prior misconduct may not be admitted to impugn the defendant's character or show his propensity for criminal activity. (Evid. Code, § 1101, subd. (b).) Moreover, such

6

evidence is subject to exclusion under Evidence Code section 352 if its probative value is substantially outweighed by the probability its admission will create substantial danger of undue prejudice, confusing the issues or misleading the jury. The trial court has broad discretion in making this determination; its decision to admit certain evidence will not be disturbed unless it constitutes a manifest abuse of discretion that resulted in a miscarriage of justice. (*People v. Cain* (1995) 10 Cal.4th 1, 33.) Similarly, no due process violation will be found unless the subject evidence rendered the trial fundamentally unfair. (*People v. Partida* (2005) 37 Cal.4th 428, 439.)

Appellant's complaint with the computer evidence has to do with the age of the females depicted therein. He does not dispute the trial court's findings that some of the females in the photos and videos were under the age of 18, but he contends the material was irrelevant and misleading because those females were older than the girls he allegedly victimized.

Our response is twofold. First, the age of the females in the photos and videos was never affirmatively established at trial. During closing arguments, defense counsel asserted the females looked older than appellant's victims. However, the prosecutor claimed some of the females "look like they are probably in middle school, and in at least one of the locker room scenes, there's a girl that looks prepubescent." Given these varying characterizations, we are not inclined to presume the females were all in a different age category than the girls appellant was accused of molesting.

Even if we were, the computer evidence was not intended to prove appellant was attracted to young girls. Instead, it was used to show he had a fetish for female undergarments and "pantsing." As the prosecutor explained in closing argument, it didn't matter that the females in the photos and videos were "not [all] five years old" or that appellant was not "exclusively into little girls." Rather, the broader implication of the computer evidence was that it demonstrated appellant "likes to watch pants coming off, that he likes to look at underwear, that he's focused on that specifically[.]"

7

We agree this was a relevant consideration since the charged offenses involved appellant exposing, touching or talking about the victims' underpants. The computer evidence helped established the alleged acts were committed with the requisite sexual intent. And it helped bolster the victim's credibility about the allegations they leveled against appellant. The fact appellant appeared to have a particular interest in female underpants was certainly relevant as to whether their claims were true.

We note that the prosecutor took considerable care to use the subject evidence in a proper and circumspect manner. Instead of using the computer evidence as a blunt weapon to disparage appellant and malign his character, the prosecutor used it specifically for the purposes of credibility and intent. And since, as the trial court recognized, the evidence was not any more graphic or inflammatory than the charged offenses, we are hard pressed to find an abuse of discretion in its admission. All things considered, we conclude the evidence was properly admitted and did not violate appellant's rights in any respect. (*People v. Memro* (1995) 11 Cal.4th 786, 864-865 [photos of naked young men and boys properly admitted in prosecution for sexually motivated attack on seven-year-old boy].)

## DISPOSITION

The judgment is affirmed.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

IKOLA, J.

8