Filed 9/23/19 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ANDREW NEWMAN, <br><br> Defendant and Appellant. | B291412 <br><br> (Los Angeles County Super. Ct. No. MA070718) <br><br> **ORDER MODIFYING OPINION** <br><br> **[No change in judgment]** |

THE COURT:

The opinion filed on September 19, 2019, in the above-entitled matter is modified as follows:

On page 2, first paragraph, delete the last sentence: "Statutory references are to the Penal Code."

On page 4, first paragraph, change the *People v. Martinez* citation after the first sentence to: "(*People v. Martinez* (1999) 20 Cal.4th 225, 235 (*Martinez*), overruled on other grounds in *People*

*v. Fontenot* (Aug. 26, 2019, S247044) \_\_\_Cal.5th\_\_\_ [2019 Cal. Lexis 6238].)"

On page 5, delete all three paragraphs under Section III. Replace with the following paragraph under Section III:

"The trial court had no duty to give an attempted kidnapping instruction because, contrary to Newman's argument, attempted kidnapping is not a lesser included offense of completed kidnapping. (*People v. Fontenot, supra,* \_\_\_Cal.5th\_\_\_ [2019 Cal. Lexis 6238] [p. 24].)"

There is no change in judgment.

---

BIGELOW, P.J.                  GRIMES, J                  WILEY, J.

Filed 9/19/19 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B291412 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA070718) |
| v. | |
| ANDREW NEWMAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge. Affirmed.

Eric E. Reynolds, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General of California, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.

_____

Andrew Newman broke into H's bedroom, pointed a gun at her, and ordered her into his car. A jury convicted Newman of first degree burglary, assault with a firearm, and kidnapping. Newman makes three arguments: he moved H too short a distance to count as kidnapping; the trial court incorrectly instructed the jury; and we should strike assessments in light of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We affirm. Statutory references are to the Penal Code.

## I

H was a high school junior when she started dating Newman in 2013. Six months into the relationship, Newman began physically abusing H. The abuse continued almost every day until the relationship ended in 2016.

Newman hit H with a metal pole as punishment for "anything [she] did bad." In one instance, Newman hit H with the pole because she "folded a shirt that needed to be hung." The pole left scars. Newman also scarred H's stomach by pinching her hard.

Newman held H's head underwater in a tub. She "forgot what [she] had done wrong" for Newman to punish her this way.

Newman punched H's face over 11 times because he thought she said something wrong.

He also threw H's dog next to railroad tracks and held a knife to the dog until H apologized for something.

H was afraid to leave Newman because he threatened to find and torture her and kill her and her family. The two broke up several times but Newman always convinced H to get back together by telling her things would change and she would not have to be afraid anymore. H eventually blocked all contact.

On March 6, 2017 at 7:00 a.m., a loud crash woke H from slumber in her bed. Newman broke into her locked bedroom and pointed a gun at her chest. H was scared and screamed for help but no one else was home. Newman said he had "nothing else to lose." He waved the gun and told H to go to his car. Newman pointed the gun at H as she got out of bed and went to the front door, which was 20 to 30 feet away.

As H opened the door, Newman got in front of her and told her to start running. H ran about 35 feet from the front door to the entry gate as slowly as she could. The car was parked about 550 feet from the front door. Newman turned around three times while pointing the gun at H and told her to run faster. H ran another 135 feet or so towards Newman's car. H believed she would die if she got into the car so she ran into her neighbor's house through their back door, which was unlocked. The neighbors' back door was 25 feet away from their gate, which was past the driveway. H screamed, "He has a gun. He has a gun. He's going to kill me." Neighbors helped her call the police. Newman turned himself in to the police that day.

The jury convicted Newman of first degree burglary (count 1), assault with a firearm (count 2), and kidnapping (count 3). It also found Newman used a pistol for the assault with a firearm and kidnapping. The court sentenced Newman to 15 years and imposed fines and fees.

## II

Substantial evidence supports the kidnapping conviction.

We review the evidence in the light most favorable to the People to determine whether a rational jury could have found the crime's essential elements beyond a reasonable doubt. (*People v. Virgil* (2011) 51 Cal.4th 1210, 1263.)

Newman limits his argument to the asportation element of kidnapping, which requires movement that is "substantial in character." (*People v. Martinez* (1999) 20 Cal.4th 225, 235 (*Martinez*).) He claims the distance he forced H to move was "short" and therefore insubstantial.

This argument fails because the evidence was ample. Newman broke into H's bedroom. Using a gun, he ordered her to his car. Newman pointed the gun at H as she got out of bed and walked to the front door. He made H run towards his car. At minimum, Newman made H move 190 feet before she broke free.

A jury considers all the circumstances to determine whether the kidnapping movement was substantial rather than trivial. (*Martinez, supra,* 20 Cal.4th at p. 237.) Based on the evidence, a rational jury could have found Newman made H move a substantial distance.

Newman's substantial evidence challenge masks what is in reality his request that we declare 190 feet to be a trivial distance as a matter of law. He cites no precedent for this quantitative challenge, no case holding this distance is too short. We reject this proposal. Shorter distances are "substantial in character" under the *Martinez* standard, which considers all the evidence. (See *People v. Arias* (2011) 193 Cal.App.4th 1428, 1435–1436 [moving victim 15 feet into his apartment met asportation requirement]; *People v. Shadden* (2001) 93 Cal.App.4th 164, 168–169 [moving victim nine feet from the front to the back of a store was substantial].)

Newman ordered H from her bed to his waiting car. He made plain he planned to drive her somewhere. Taking a victim from her bed, through her house, out the door, through the front gate, and almost 200 feet towards his waiting car is not trivial

4

when the only reason the distance was not far greater was the victim got away en route.

Newman argues he *decreased* the risk of harm to H when he forced her outdoors at gunpoint from her bed towards his car. The jury was entitled to see matters differently. H believed she would die if she got in the car. The closer the two got to the car, the smaller H's window of opportunity for some sort of action. Kidnapper and victim were not loitering but were on the move, events were rushing to some unknown outcome, and he had a gun. The jury could conclude the situation and the risks were spiraling upwards. (See *People v. Jones* (1999) 75 Cal.App.4th 616, 629–630 [forcing victim to move 40 feet to a car increased risk of harm even though victim escaped from the car].)

This evidence of kidnapping was substantial.

### III

The trial court had no duty to give an attempted kidnapping instruction.

We independently review a trial court's failure to instruct on a lesser included offense and view the evidence in the light favorable to the defendant. (*People v. Millbrook* (2014) 222 Cal.App.4th 1122, 1137.)

A trial court must give instructions on lesser included offenses when the evidence raises a question as to whether all the elements of the charged offense were present. (*People v. Breverman* (1998) 19 Cal.4th 142, 154.) But the court need not do so when there is no evidence the offense was less than charged. (*Ibid.*) There is no evidence Newman committed anything less than kidnapping, as we have just reviewed. Thus the trial court was not obligated to instruct on attempted kidnapping.

5

IV

Newman forfeited his *Dueñas* claims.

He concedes he did not object to the fines and fees in the trial court. He thus forfeited these arguments. (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1153–1155; *People v. Bipialaka* (2019) 34 Cal.App.5th 455, 464.)

**DISPOSITION**

The judgment is affirmed.


WILEY, J.


We concur:


BIGELOW, P. J.


GRIMES, J.